UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>MARCUS HAGOOD,<br><br>    Defendant. | Case No. CR-13-00393 RMW<br><br>**ORDER DENYING MOTION FOR LEAVE TO SEEK RECONSIDERATION**<br><br>[Re Docket No. 42] |

Defendant Marcus Hagood seeks leave to file a motion for reconsideration of the court's prior order denying his motion to suppress. Dkt. No. 42 (Motion for Leave); Dkt. No. 39 (Order). The motion is denied.

Defendant argues that they should be allowed to brief issues related to opinions filed after their briefing on the motion to suppress, specifically *Riley v. California*, --U.S. --, 134 S.Ct. 2473 (2014) and *United States v. Davis*, -- F.3d --, 2014 WL 2599917 (11th Cir. June 11, 2014). Having reviewed *Riley* and *Davis*, and the government's response to the motion for leave, Dkt. No. 44, the court is not persuaded that there has been material change in the law to warrant reconsideration.

The defendant is correct that the court relied on the reasoning in *Smith v. Maryland*, 442 U.S. 739 (1979) and on the now well-established proposition that a person does not have a

reasonable expectation of privacy in information voluntarily turned over to third parties. In *Riley* the Supreme Court held that the government may not, without a warrant, search a cell phone seized from an individual who has been arrested. *Riley*, 134 S.Ct. at 2480. The Court found *Smith* inapplicable to its analysis in that case. *Id.* at 2492. In *Davis*, the 11th Circuit found that cell phone tower location information is within a subscriber's reasonable expectation of privacy, in part because no cell phone user expects the phone company to store his location information. 2014 WL 2599917 at *9-10.[1]

In this case, Hagood shared information with an FBI agent over the GigaTribe peer-to-peer file sharing program. The information shared was both content (the files) and data (information related to his IP address). The files and their content Hagood voluntarily shared are clearly not protected under the Fourth Amendment. Order at 3 (citing cases finding that sharing over closed peer-to-peer systems does not enjoy a reasonable expectation of privacy). The data Hagood shared is also not protected. Although the FBI used the Commview program to render the IP address data useful to it, it did not recover the data through surreptitious means. As detailed in the Order, Hagood's expectation that GigaTribe would prevent others from obtaining his IP address was objectively unreasonable based on GigaTribe's user agreements and the fact that the IP address could be obtained by use of a commercially available network analysis tool.  Neither *Riley* nor *Davis* cast doubt on those conclusions.

Dated: August 5, 2014

Ronald M. Whyte
United States District Judge

---

[1] The government disputes the 11th Circuit's reasoning. Dkt. No. 44 at 2-3.

ORDER DENYING RECONSIDERATION
13-CR-00393    - 2 -